# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE GUZMAN, JAIME MERCADO, BERNARDO MERCADO, CRISANTO PICHARDO and CELESTINO MERCADO, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 10 C 1499 ) |
| LAREDO SYSTEMS, INC., LAREDO SYSTEMS, LLC and ENRIQUE JAIME, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

On October 19, 2012 this Court's former colleague Honorable Blanche Manning entered an order granting partial summary judgment in favor of the plaintiffs in this action confirming the violation by defendants Laredo Systems, Inc., Laredo Systems, LLC and Enrique Jaime ("Jaime") individually of the Fair Labor Standards Act and two Illinois statutes: the Illinois Minimum Wage Law and the Illinois Prevailing Wage Act. On February 14, 2013 this Court, to whose calendar the action had then been transferred, entered a judgment order (the "Order") in favor of plaintiffs and against the three defendants, jointly and severally (see Order ¶ 6), for plaintiffs' interim attorneys' fees in the amount of $167,862.50 and their interim nontaxable expenses in the amount of $11,890.52, for a total of $179,753.02.

With no part of that amount having been paid, on November 14, 2014 plaintiffs' counsel presented a "Motion for Rule To Show Cause Regarding Contempt," and considerable time and effort has been expended since that date in pursuit of and in opposition to that motion, although a filing in bankruptcy by individual defendant Jaime created a statutory automatic stay as to him.

But in part because Jaime's post-bankruptcy-filing activities appeared to create a potential for recovery on the judgment order against him, this Court conducted an evidentiary hearing involving all three judgment order debtors on January 13 and 17, 2017.

It developed during that hearing without dispute that both Laredo Systems, Inc. and Laredo Systems, LLC had been organized at Jaime's request by counsel representing him, but that neither of those corporations had ever functioned in any respect -- each was a mere sham, a totally empty shell. Instead all operations of Jaime's landscaping business were conducted by him as a sole proprietorship d/b/a "Laredo Systems"[1] -- without even the pretense of any corporate activity.[2]

Although neither counsel approached the evidentiary hearing in particularly realistic terms, focusing in large part as they did on the total inactivity of the two corporations, this Court held at the conclusion of the hearing, with counsel for each side concurring without objection in the following rulings:

1. Because of the defendants' joint and several liability for the obligation of $179,753.02 embodied in the Order, although any claimed responsibility of the totally nonfunctioning corporations -- Laredo Systems, Inc. and

---

[1] P. Ex. 7 comprised 143 checks issued to "Laredo Systems" (not one of the checks had the meaningless "Inc." or "LLC" tacked on) in payment for landscaping services performed by Jaime's sole proprietorship, with the aggregate of those payments running into several million dollars.

[2] This memorandum order will not pause to address the numerous ways in which Jaime prepared and submitted false documentation (including a good many in the names of one or the other of the nonfunctioning corporate shells) in conjunction with his conduct of business as his own sole proprietorship. Nor will this Court address the legal significance of Jaime's payment of all his personal living expenses (and his mother's as well) out of the landscaping business' funds.

Laredo Systems, LLC -- is meaningless in legal terms, Jaime is fully responsible personally for that entire amount.

2. This Court has not been provided with sufficient input to determine whether enforcement of the judgment order against Jaime individually can be pursued in this federal district court or whether, alternatively, such enforcement must be the subject of a state court action.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 18, 2017

---

[3] This Court learned at the conclusion of the January 17 hearing that the pendency of certain adversary proceedings against Jaime in the Bankruptcy Court may, if successful, give rise to the vacation of Jaime's discharge in bankruptcy, a ruling that would potentially impact on the question raised in the paragraph to which this footnote is appended.